IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT DAVIS, JR,

      Petitioner,

v.                                           CASE NO. 4:06-cv-00534-MP-EMT

WALTER A MCNEIL, et al.,

      Respondents.

_____/

## **O R D E R**

This matter is before the Court on Doc. 26, the Report and Recommendation of the

Magistrate Judge, recommending that this habeas petition be denied. The time for filing

objections has passed, and none have been filed. After reviewing the Report and

Recommendation and the filings in the case, the Court agrees with the Magistrate Judge that the

petition in this case should be denied.

Petitioner raises two claims in his petition. He first claims that his counsel was

ineffective for not investigating and locating a certain witness, Jay Williams (also apparently

known as Jay Young). The Court agrees that Petitioner's first claim is contradicted by the

findings of the state court, and that these findings are not unreasonable. First, (1) the State tried

but could not locate Mr. Williams (and went so far as to "bring in" the wrong Jay Williams); (2)

Mr. Williams "took off" during the officer's investigation (suggesting a deliberate effort by Mr.

Williams to avoid any further involvement in Petitioner's case) and could not be located by law

enforcement since that time; and (3) defense counsel—who had grown up with and personally

knew Mr. Williams—had not located him and believed (apparently based on privileged

communications with Petitioner) that there was "no way" he could be found "until he [was] locked up" (Ex. J at 14). Thus, the trial court's finding was based upon a reasonable determination of the facts in light of the evidence in the record.

Second, Petitioner asserts that his counsel performed deficiently in failing to file a Notice of Expiration of Speedy Trial Time or otherwise seek discharge on speedy trial grounds. Under Florida law, a defendant may file a "Notice of Expiration of Speedy Trial Time," and within five days a hearing must be held. Fla. R. Crim. P. 3.191(h), (p)(2). At the hearing, the trial court must determine whether one of the reasons for an extension of time exists, as enumerated in the rule. Fla. R. Crim. P. 3.191 (j), (p)(1). Upon a finding that none of the reasons exist, the defendant must be brought to trial within ten days of the date of the trial court's order finding that a violation of the rule occurred and that no reason exists for an extension. Fla. R. Crim. P. 3.191(p)(3). This is known as the ten-day "recapture" period. If trial does not commence within the "recapture" period, the defendant may file a motion for discharge which, if granted, forever discharges the defendant from the crime. Fla. R. Crim. P. 3.191(p)(3), (j), (n).

The Court agrees with the Magistrate Judge that Defendant has failed to demonstrate he suffered Strickland[1] prejudice as a result of counsel's alleged error, as the state court found. First, the 175-day delay in this case was due, at least in part, by Defendant's desire to terminate his first counsel, which reason is one of those listed in Fla. R. Crim. P. 3.191 (j). Second, there is nothing in the record to indicate that the State would not have taken the case to trial within 10

---

[1]Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

days if the extension under section (j) were not granted.   Therefore, the state court decision

denying Petitioner's claim was not an unreasonable application of <u>Strickland</u>.  Accordingly, it is

hereby

**ORDERED AND ADJUDGED:**

1.      The Report and Recommendation of the Magistrate Judge is adopted and
incorporated herein.

2.       The petition in this case is denied, and the Clerk is directed to close this file.


**DONE AND ORDERED** this  *9th*  day of March, 2010


           *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge